# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LOREN HAYNES, and DANI HAYNES,

       Plaintiffs,

vs.                                                                                   No. CIV 18-0945 JB\GJF

MARK PETERS, and HSBC MORTGAGE
SERVICES, INC.,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Plaintiffs' Motion to Remand, filed November 9, 2018 (Doc. 10)("MTR"); and (ii) the Defendants MD Peters Appraisals, Inc. ("Peters Appraisals") and Mark Peters' Motion to Dismiss First Amended Complaint for Damages, filed November 21, 2018 (Doc. 16)("MTD"). The Court held a hearing on January 10, 2019. <u>See</u> Clerk's Minutes at 1, filed January 10, 2019 (Doc. 26). The primary issue is whether the Court should remand to the County of Santa Fe, First Judicial District Court, State of New Mexico Plaintiffs Loren Haynes and Dani Haynes' suit, when the Haynes -- New Mexico citizens -- filed their First Amended Complaint for Damages, filed October 31, 2018 (Doc. 6)("Amended Complaint"), which added, as a Defendant, Defendant MD Peters Appraisals, Inc. ("Peters Appraisals")[1] -- also a New Mexico citizen -- twenty-one days after Defendant Mark Peters filed the Notice of Removal, filed October 10, 2018 (Doc. 1), in which he alleges the Court has diversity

---

[1]Peters Appraisals is an S Corporation for which Defendant Mark Peters acts as the principal. <u>See</u> Draft Transcript of Hearing at 10:21 (taken November 21, 2018)(Wolf); <u>id</u>. at 15:5 (Stambaugh).

jurisdiction pursuant to 28 U.S.C. § 1332, and before Peters filed the Defendant Mark Peters' Answer to Complaint for Damages, filed October 31, 2018 (Doc. 7)("Answer"). The Court concludes that, because adding Peters Appraisals as a Defendant destroys the complete diversity of citizenship between the parties, the Court will remand the case to New Mexico state court. Accordingly, the Court will grant the MTR and deny the MTD.

## FACTUAL BACKGROUND

The Court takes its facts from the Complaint for Damages, filed in state court August 24, 2018, filed in federal court October 10, 2018 (Doc. 1-1)("Complaint"). The Court provides these facts for background. It does not adopt them as the truth, and it recognizes that these facts are largely the Haynes version of events.

This matter arises from an allegedly inaccurate appraisal that Peters performed for the Haynes on their property at 55 Camino Don Patron, Santa Fe, New Mexico, 87506 ("Santa Fe Property"). See Complaint ¶ 8, at 2; id. ¶¶ 10, 14-23, at 3. The Haynes planned to use the Santa Fe Property as collateral for a loan from Defendant HSBC Mortgage Services, Inc. ("HSBC Mortgage"), and Peters' appraisal caused HSBC Mortgage to deny the Haynes' desired loan. See Complaint ¶¶ 7-8, at 2; id. ¶ 25, at 4. The Haynes intended to use the loan to fund renovations on a property in the State of California. See Complaint ¶ 7, at 2.

## PROCEDURAL BACKGROUND

In the Complaint, the Haynes allege that: (i) Peters acted negligently when he provided the allegedly inaccurate appraisal; (ii) Peters and HSBC Mortgage intentionally or negligently interfered with contractual relations when they prevented the Haynes from fulfilling their obligations for renovations on their California property; (iii) Peters' appraisal comprised a

fraudulent or negligent misrepresentation to the Haynes and HSBC Mortgage; and (iv) Peters and

HSBC Mortgage acted negligently when they refused to correct Peters' appraisal. See Complaint

¶¶ 31-55, at 5-7. Peters removed the case to the United States District Court for the District of

New Mexico on October 10, 2018. See Notice of Removal at 5. Peters removed the case under

diversity jurisdiction, noting that: (i) the Haynes "are citizens of Santa Fe County, New Mexico,"

Notice of Removal ¶ 3, at 2 (citing Complaint ¶ 1, at 1); (ii) HSBC "is a foreign for-profit

corporation," without "consumer financial services in the United States," Removal ¶ 5, at 2 (citing

Complaint ¶ 3, at 1; HSBC Notice, filed October 10, 2018 (Doc. 1-1)); and (iii) Peters is a citizen

of California, having "resided in the State of California since October 2017, and is domiciled

there," Notice of Removal ¶ 6, at 2 (citing generally Declaration of Mark Peters (executed October

10, 2018), filed October 10, 2018 (Doc. 1-1)). The amount in controversy exceeds $75,000.00.

See Notice of Removal ¶¶ 8-10, at 3-4. On October 31, 2018, the Haynes filed the Amended

Complaint, adding Peters Appraisals as a Defendant, and inserting its name into the Complaint's

allegations and claims against Peters. See Amended Complaint at 1; id. ¶¶ 33-57, at 5-7. No

scheduling order has been filed in this case.

     **1.**     **The MTR.**

In the MTR, the Haynes request that the Court remand the case to New Mexico state court,

because they added Peters Appraisals to the Amended Complaint. See MTR at 2. The Haynes

explain that Peters Appraisals "is an active domestic for-profit New Mexico corporation with its

registered agent at 29 Sobradora Drive, Santa Fe, New Mexico, 87508," and that, while performing

appraisals, Peters used Peters Appraisals. MTR at 2, 5. The Haynes contend that, because they

and Peters Appraisals are Santa Fe County residents, complete diversity no longer exists between

the plaintiffs and the defendants.  See MTR at 2.  According to the Haynes, the Court should, therefore, remand, because 28 U.S.C. § 1332(a) requires complete diversity.  See MTR at 2-3.

The Haynes note that they filed their Amended Complaint before twenty-one days after Peters filed an answer and that the amendment relates back to the Complaint.  See MTR at 4 (citing Fed. R. Civ. P. 15(a), (c)).  The Haynes explain that Peters "uses or used [Peters Appraisals] in connection with his appraisal work," and, so, when the Haynes served Peters the Complaint, Peters should have known that the Haynes should have sued Peters Appraisals.  MTR at 4 (citing Fed. R. Civ. P. 15(c)).  The Haynes add that, even if they did not timely file the Amended Complaint, the Court should permit the amendment.  See MTR at 5 (citing 28 U.S.C. § 1447(e)).

### 2.      The MTR Response and MTD.

Peters and Peters Appraisals ("the Peters Defendants") respond in the Defendants Peters Appraisals and Mark Peters' Response to Plaintiffs' Motion to Remand, filed November 21, 2018 (Doc. 15)("MTR Response").  The Peters Defendants contend that the Court should deny the MTR, because the Haynes seek to "divest . . . this Court of subject matter jurisdiction."  MTR Response at 1.  The Peters Defendants ask that the Court analyze the Amended Complaint as if the Amended Complaint were a proposed amendment, and they cite Pacely v. Lockett, No. CIV 12:0152 MCA/SMV, 2013 WL 12136690, at *3 (D.N.M. March 30, 2013)(Armijo, J.), for the proposition that, when an amended complaint would destroy diversity, a plaintiff in a removal case can file such a complaint only with the court's leave.  See MTR Response at 5.

The Peters Defendants argue that, in deciding whether to permit the Haynes to join Peters Appraisals, the Court should apply "the discretionary Rule 20 [of the Federal Rules of Civil Procedure] analysis" that the Court employed in Hernandez v. Chevron United States of America,

Inc., No. CIV 17-1083 JB/GBW, 2018 WL 4188458, at *30 (D.N.M. Aug. 30, 2018)(Browning, J.)("Hernandez"): "(1) 'whether the amendment will result in undue prejudice,' (2) 'whether the request was unduly and inexplicably delayed,' and (3) 'whether [the request] was offered in good faith.'" MTR Response at 4-5 (quoting Hernandez, 2018 WL 4188458, at *30). The Peters Defendants contend that, in Hernandez, the Court permitted joinder of a non-diverse defendant, because the plaintiff did not know that the party "was a viable defendant until shortly before it filed its motion to amend." MTR Response at 6. The Peters Defendants differentiate their situation from the facts in Hernandez. See MTR Response at 6. The Peters Defendants indicate that, unlike in Hernandez, if the Court remanded this case, they would "los[e] their chosen federal forum," and, according to the Peters Defendants, they have already filed motions to dismiss "relying upon federal pleading standards." MTR Response at 7. The Peters Defendants question the Haynes' motivation for adding Peters Appraisals, because: (i) the Haynes sent Peters Appraisals a demand letter "over three years ago"; (ii) the Haynes did not name Peters Appraisals in the Complaint; (iii) the Haynes did not add Peters Appraisals between filing the Complaint and receiving the Notice of Removal; and (iv) the Haynes added Peters Appraisals only after Peters removed the case. MTR Response at 7. The Peters Defendants conclude that the Haynes added Peters Appraisals only to defeat the Court's federal jurisdiction. See MTR Response at 7.

In a footnote, the Peters Defendants ask that the Court consider the MTD interdependent with the MTR Response. See MTR Response at 6 n.1. In the MTD, the Peters Defendants ask that the Court dismiss the Amended Complaint and then consider permitting the Haynes to join Peters Appraisals. See MTD at 5. According to the Peters Defendants, if the Court then permits the joinder, the Court can remand the suit. See MTD at 5. The Peters Defendants argue that the

Haynes should have asked for leave to amend the Complaint, because, in the Amended Complaint, they join another defendant, whose presence destroys the Court's diversity jurisdiction. See MTD at 1, 3 (citing Pfeiffer v. Hartford Fire Ins., 929 F.2d 1484, 1488 (10th Cir. 1991); Pacely v. Lockett, 2013 WL 12136690, at *3). The Peters Defendants argue that the requirement for leave from the court exists, because allowing amendment without leave would deprive "the Court of its statutory right to exercise discretion about whether joinder of the non-diverse defendant is proper in the first instance." MTD at 4.

### 3.    The MTR Reply and the MTD Response.

The Haynes reiterate their arguments from the MTR and additionally contend that diversity jurisdiction's purpose, which is "to protect out-of-state defendants from local prejudice in state courts," supports their MTR, because, at all times during the alleged events giving rise to this action, Peters was a New Mexico citizen and Peters Appraisals continues to be incorporated in New Mexico, see Plaintiffs' Reply to Defendants MD Peters Appraisals Inc. and Mark Peters' Response to Plaintiffs' Motion to Remand at 2, filed December 10, 2018 (Doc. 19)("MTR Reply")(internal quotation marks omitted)(quoting Winningham v. N. Am. Res. Corp., 809 F. Supp. 546, 551 (S.D. Ohio 1992)(Spiegel, J.). Accordingly, in the Haynes' view, remand would not prejudice Peters. See MTR Reply at 2.

The Haynes disagree that tension exists between rule 15(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(e), because § 1447(e) "does not mandate that Plaintiffs seek leave of the Court to join a defendant just because the case has been removed when Plaintiffs are within the timeframe allowing amendment as a matter of course under Rule 15(a)." MTR Reply at 3. According to the Haynes, "[u]ltimately, Defendants' position comes down to a minor procedural

question, easily resolved: the Amended Complaint should be permitted, either as a matter of right or because there is no good reason not to permit Plaintiffs to amend their complaint." MTR Reply at 4. The Haynes argue that, in <u>Pacely v. Lockett</u>, even though the filing time for the plaintiff's amendments raised suspicions, the Honorable M. Christina Armijo, then-Chief United States District Judge for the United States District Court for the District of New Mexico, upheld the plaintiff's amended complaint, because the plaintiff might "'suffer significant injury if his claim [against the joined defendant] is not allowed to proceed and there is a risk of parallel state and federal actions that will be avoided if the amended complaint is allowed, and the case is remanded back to state court.'" MTR Reply at 4 (alteration in MTR Reply)(quoting <u>Pacely v. Lockett</u>, 2013 WL 12136690, at *3). The Haynes contend that, similarly, here, they timely filed their Amended Complaint, and they have a valid claim against Peters Appraisals. <u>See</u> MTR Reply at 5. The Haynes contend that, if they need to seek the Court's leave to amend, the Court should grant that leave, because the "time frame" in which they filed the Amended Complaint -- within rule 15(a)'s allotted time -- "does not show undue delay, bad faith, dilatory motive, or undue prejudice to Defendants." MTR Reply at 3.

In the Plaintiffs' Response to Defendants Peters Appraisals, Inc. and Mark Peters' Motion to Dismiss First Amended Complaint for Damages, filed December 10, 2018 (Doc. 20)("MTD Response"), the Haynes incorporate their MTR Reply. <u>See</u> MTD Response at 1. The Haynes repeat their arguments from the MTR Reply -- that they timely filed the Amended Complaint and that the Amended Complaint does not prejudice the Peters Defendants. <u>See</u> MTD Response at 2-3.

4.      **MTD Reply**.

The Peters Defendants replied to the MTD Response.  See Defendants MD Peters Appraisals, Inc. and Mark Peters' Reply in Support of Motion to Dismiss First Amended Complaint for Damages, filed December 19, 2018 (Doc. 22)("MTD Reply").  The Peters Defendants emphasize that the "question at issue . . . is whether Plaintiffs may avail themselves of Rule 15(a) in light of that rule's conflict with 28 U.S.C. § 1447(e)."  MTD Reply at 1.  The Peters Defendants contend that the Haynes cite no authority for their contentions that they need not seek leave to join Peters Appraisal.  See MTD Reply at 1.  The Peters Defendants again ask that, as the Court did in Hernandez, the Court consider the factors from rule 20 of the Federal Rules of Civil Procedure.  See MTD Reply at 2.  The Peters Defendants note that the Haynes do not contend that they will suffer prejudice from litigating in federal court.  See MTD Reply at 2.  The Peters Defendants further stress that the Haynes do not explain the suspicious timeframe in which they filed the Amended Complaint.  See MTD Reply at 3.

5.      **The Hearing**.

At the hearing, the Haynes began by noting the parties' agreements that Peters Appraisals is a "proper party and proper defendant," Draft Transcript of Hearing at 3:11-12 (taken January 10, 2019)(Wolf)("Tr."),[2] and that the Haynes filed the Amended Complaint within rule 15(a)'s timeframe, see Tr. at 3:15-20 (Wolf).  The Haynes summarize that the parties debate two issues: (i) whether the Haynes could, under rule 15(a), join Peters Appraisals as a Defendant, see Tr. at 4:6-7 (Wolf); and (ii) whether the Haynes "should be barred from adding that defendant," Tr. at

---

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

4:10-11 (Wolf). On the first issue, the Haynes dispute the Peters Defendants' description that, if the Court tolerates the Amended Complaint as an amended complaint, the Court loses jurisdiction to decide the second issue. See Tr. at 4:17-21 (Wolf). The Haynes argue that the Court can decide the MTR, "considering the same factors that would have been address[ed] had we [sought] leave to amend the complaint and join the defendant." Tr. at 4:25-5:2 (Wolf). According to the Haynes, in making this determination, the Court should apply the rule 20(a) factors, as it did in Hernandez. See Tr. at 5:8:12 (Wolf). The Court asked the Haynes to recap Hernandez' facts, and the Haynes confirmed for the Court that, in that case, the plaintiff "sought leave to add a defendant." Tr. at 5:16 (Court). See id. at 5:13-19 (Court, Wolf). According to the Haynes, in Hernandez, the Court analyzed whether to bar the amendment. See Tr. at 5:21-24 (Wolf). Although the Haynes conceded that "some courts have seen . . . a tension between rule 15(a) [and] 1447[(e)]," Tr. at 6:2-3 (Wolf), the Haynes requested that, regardless the procedure for amendment, the Court "determine whether or not the addition . . . of MD Peters Appraisals" and remand are "proper," Tr. at 6:10-12 (Wolf). According to the Haynes, even when a party amends under rule 15(a), the Court "gets to make the decision as to whether or not that amendment and the joinder . . . is proper." Tr. at 7:3-7 (Wolf).

Turning to the second issue, the Court asked the Haynes about Peters' relationship to MD Peters Appraisals. See Tr. at 7:8-10 (Court). The Haynes identified Peters as "the principal of that corporate entity." Tr. at 7:11-12 (Wolf). The Court then inquired why the Haynes joined MD Peters Appraisals, and the Haynes explained that they anticipated that: (i) Peters might cite Peters Appraisals to downplay his personal liability; (ii) HSBC Mortgage might contend that it contracted with Peters Appraisals and not with Peters; and (iii) an insurance policy might cover Peters

Appraisals rather than Peters. See Tr. at 8:24-9:24 (Wolf). The Haynes confirmed for the Court that Peters Appraisals might be liable for Peters' -- it's agent's -- actions or that Peters Appraisals might face liability under other theories. See Tr. at 9:25-10:11 (Court, Wolf). The Haynes summarized the rule 20(a) factors that counsel permitting joinder: (i) the Haynes timely filed the Amended Complaint; (ii) joinder threatens no prejudice for the Peters Defendants, as the Haynes gave both Peters and Peters Appraisals notice of the suit, and neither party has commenced discovery; (iii) denying joinder would prejudice the Haynes, because Peters might avoid personal liability; and (iv) the Haynes do not act in bad faith, because they join a corporate entity against which they have valid claims. See Tr. at 10:23-13:12 (Wolf). The Haynes repeated their contention that, here, removal's purposes are not served, because Peters Appraisals is a New Mexico entity, and, at the time of the disputed events, Peters was also a New Mexico citizen. See Tr. at 14:10-19 (Wolf).

After HSBC Mortgage took no position on the MTR, the Court turned to the Peters Defendants. See Tr. at 14:21-25 (Court, Dranttel). The Peters Defendants averred that, traditionally, in professional malpractice and similar suits, a plaintiff could not sue an entity -- like Peters Appraisals -- without suing the agent -- like Peters, but that a plaintiff could sue an agent without suing an entity. See Tr. at 15:6-16 (Stambaugh). The Peters Defendants, however, conceded that often plaintiffs sue both the entity and the agent, and that the Peters Defendants would not have objected to the Haynes naming both Peters and Peters Appraisals in the Complaint. See Tr. at 15:17-16:4 (Court, Stambaugh).

The Court indicated that it does not see "as much tension between [§ 1447(e)] and rule 15" as the Peters Defendants portray. Tr. at 16:5-19 (Court). The Court suggested:

> [T]the language could be read as saying even if the plaintiff has the power or the right to file an amended complaint under Rule 15 . . . [, the Court] still ha[s] the power to say, well . . . you'[v]e just added people to defeat diversity . . . jurisdiction.  So whether it's done by motion[,] [w]hether it's done this way, whether it's the <u>Hernandez</u> situation or this situation, maybe all it says is [the Court] get[s] to see if people are just trying to defeat diversity jurisdiction.

Tr. at 16:9-18 (Court).  The Peters Defendants conceded that the Court's "characterization is correct," Tr. at 17:9-10 (Stambaugh) but noted that they had hoped to indicate that "there is tension . . . [,] and that regardless of the procedure by which the Court exercises its discretion under section 1447[(e)], it still should be able to [exercise discretion]," Tr. at 17:5-9 (Stambaugh).

The Court next asked the Peters Defendants why they opposed remand, because "a lot of plaintiffs do things to avoid being in federal court," and because the Haynes have a valid claim against Peters Appraisals.  Tr. at 17:13-14 (Court).  See <u>id.</u> at 17:13-17:17 (Court).  The Peters Defendants responded: "So I think Your Honor you're speaking to the question of prejudice to defendants by saying sort of what is the problem with that."  Tr. at 17:22-25 (Stambaugh).  The Court proposed that a court should not address prejudice and should focus on a claim's validity.  <u>See</u> Tr. at 18:1-6 (Court).  The Peters Defendants argued that the Court could "exercise its discretion," Tr. at 18:11 (Stambaugh), and that the rule 20(a) factors "do get somewhat into motive and good faith and prejudice," Tr. at 18:15-16 (Stambaugh).  The Peters Defendants stressed that the Haynes did not join MD Peters Appraisals when they initially filed suit or before removal, and that "there is no cognizable explanation for why it wasn't added," Tr. at 18:23-24 (Stambaugh), because the Haynes had sent a demand letter to Peters Appraisals before the suit, <u>see</u> Tr. at 18:24-19:5 (Stambaugh).  The Peters Defendants contended that remand would prejudice Peters, because he filed a motion to dismiss, which a federal court will hold to a higher pleading standard than a state court will, and because federal judges have more expertise in federal real estate laws -- -

- such as the Federal National Mortgage Association Charter Act, 12 U.S.C. §§ 1716-19; 1721-23; 1723a-23c, i ("Fannie Mae Charter Act"); Federal Home Loan Mortgage Corporation Act, 12 U.S.C. §§ 1451-59 ("Freddie Mac Act"); and the Uniform Standards of Professional Appraisal Practice -- than state judges have. See Tr. at 19:10-20:9 (Stambaugh). The Peters Defendants further stressed that considerable authority recognizes a tension between rule 15(a) and § 1447(e), and that, here, unlike in Hernandez, the plaintiffs had reason to know that the additional defendant existed before removal. See Tr. at 20:12-21:8 (Stambaugh).

The Haynes responded that "as a practical matter . . . there is no meaningful tension." Tr. at 22:10-12 (Wolf). According to the Haynes, even if tension exists between rule 15(a) and § 1447(e), the Court and the parties should consider what such tension implies for the Haynes. See Tr. at 21:16-20 (Wolf). The Haynes offered that it might indicate that the Haynes should file a motion to amend the complaint or a motion for joinder, both of which would be timely, and that the Court and the parties should reconvene for a hearing on that motion. See Tr. at 21:22-22:8 (Wolf). According to the Haynes, their position, however, remains that § 1447(e) does not forbid joinder through rule 15(a) and requires only that the Court exercise its discretion if, under rule 15(a), a party adds a defendant that destroys diversity. See Tr. at 22:12-18 (Wolf). According to the Haynes, whether they delayed in naming Peters Appraisals as a Defendant is a fact for rule 20(a)'s "undue delay" factor. Tr. at 23:1-4 (Wolf). The Haynes explain that the delay occurred, because a different law firm filed the demand letter and the initial complaint, and their current counsel overlooked Peters Appraisals until after removal. See Tr. at 23:4-13 (Wolf). According to the Haynes, rule 15(a) exists for such situations as this one, in which a party must amend an error in an initial complaint. See Tr. at 243:24-24:5 (Wolf).

After the arguments, the Court stated that it would review <u>Hernandez</u> and the MTR, and the Court indicated its inclination to grant the MTR. <u>See</u> Tr. at 24:16-17 (Court). When the Court inquired whether the parties had arguments on the MTD, the parties indicated that they did not, because the MTD addressed the same issues as the MTR. <u>See</u> Tr. at 25:15-26:3 (Court, Stambaugh, Dranttel, Wolf). The Court promised the parties an opinion on the MTR. <u>See</u> Tr. at 26:20-23 (Court). This is the Memorandum Opinion and Order that the Court promised.

### LAW REGARDING DIVERSITY JURISDICTION

"Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" <u>Thompson v. Intel Corp.</u>, No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *12 (D.N.M. Aug. 2012)(Browning, J.)(citing 28 U.S.C. § 1332(a)). As the Court has previously explained, "[t]he Supreme Court of the United States has described this statutory diversity requirement as 'complete diversity,' and it is present only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute." <u>McEntire v. Kmart Corp.</u>, No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. 2010)(Browning, J.)(citing <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267, 267-68 (1806); <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 951 (10th Cir. 2008)). The amount-in-controversy requirement is an "estimate of the amount that will be put at issue in the course of the litigation." <u>Valdez v. Metro. Prop. & Cas. Ins.</u>, 867 F. Supp. 2d 1143, 1178 (D.N.M. 2012)(Browning, J.)(citing <u>McPhail v. Deere & Co.</u>, 529 F.3d at 956). The Court will discuss the two requirements in turn.

1. **<u>Diversity in Citizenship.</u>**

For diversity jurisdiction purposes, a person's domicile determines citizenship. <u>See</u> <u>Crowley v. Glaze</u>, 710 F.2d 676, 678 (10th Cir. 2013). "A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit." <u>McEntire v. Kmart Corp.</u>, 2010 WL 553443, at *3 (citing <u>Crowley v. Glaze</u>, 710 F.2d at 678). <u>See</u> <u>Freeport-McMoRan, Inc. v. KN Energy, Inc.</u>, 498 U.S. 426, 428 (1991)("We have consistently held that if jurisdiction exists at the time an action is commenced such jurisdiction may not be divested by subsequent events."). If neither a person's residence nor the location where the person has an intent to remain can be established, the person's domicile is that of his or her parents at the time of the person's birth. <u>See</u> <u>Gates v. Comm'r</u>, 199 F.2d 291, 294 (10th Cir. 1952)("[T]he law assigns to every child at its birth a domicile of origin. The domicile of origin which the law attributes to  an individual is the domicile of his parents. It continues until another domicile is lawfully acquired."). Additionally, "while residence and citizenship are not the same, a person's place of residence is prima facie evidence of his or her citizenship." <u>McEntire v. Kmart Corp.</u>, 2010 WL 553443, at *3 (citing <u>State Farm Mut. Auto. Ins. v. Dyer</u>, 19 F.3d 514, 520 (10th Cir. 1994)). A corporation, on the other hand, is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

2.      **Amount in Controversy.**

The statutory amount-in-controversy-- presently $75,000.00 -- requirement, must be satisfied as between a single plaintiff and a single defendant for a federal district court to have original jurisdiction over the dispute; "a plaintiff cannot aggregate independent claims against multiple defendants to satisfy the amount-in-controversy requirement," nor can multiple plaintiffs

aggregate their claims against a single defendant to exceed the threshold. Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *18 (D.N.M. March 30, 2010)(Browning, J.). If multiple defendants are jointly liable, or jointly and severally liable, on some of the claims, however, the amounts of those claims may be aggregated to satisfy the amount-in-controversy requirement as to all defendants jointly liable for the claims. See Alberty v. W. Sur. Co., 249 F.2d 537, 538 (10th Cir. 1957); Martinez v. Martinez, 2010 WL 1608884, at *18. Similarly, multiple plaintiffs may aggregate the amounts of their claims against a single defendant if the claims are not "separate and distinct." Martin v. Franklin Capital Corp., 251 F.3d 1284, 1292 (10th Cir. 2001). Multiple claims by the same plaintiff against the same defendant may be aggregated, even if the claims are entirely unrelated. See 14A Charles A. Wright et al., Federal Practice and Procedure, Jurisdiction § 3704, at 566-95 (4th ed. 2011). While the rules on aggregation sound complicated, they are not in practice: if a single plaintiff -- regardless whether he or she is the only plaintiff who will share in the recovery -- can recover over $75,000.00 from a single defendant -- regardless whether the defendant has jointly liable co-defendants -- then the court has original jurisdiction over the dispute between that plaintiff and that defendant. The court can then exercise supplemental jurisdiction over other claims and parties that "form part of the same case or controversy under Article III," 28 U.S.C. § 1367(a), meaning that they "derive from a common nucleus or operative fact." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1996).

Satisfaction of the amount-in-controversy requirement must be established by a preponderance of the evidence. See McPhail v. Deere & Co., 529 F.3d at 953, 955 ("[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional facts that ma[k]e it possible that $75,000 [i]s in play."). In the context of establishing an amount-in-controversy, the

defendant seeking removal could appear to be bound by the plaintiff's chosen amount of damages in the complaint, which would seem to allow a plaintiff to avoid federal jurisdiction "merely by declining to allege the jurisdictional amount [in controversy]." McPhail v. Deere & Co., 529 F.3d at 955. The decision of the United States Court of Appeals for the Tenth Circuit in McPhail v. Deere & Co. has foreclosed such an option from a plaintiff who wishes to remain in state court. McPhail v. Deere & Co. holds that a defendant's burden in establishing jurisdictional facts is met if the defendant proves "jurisdictional facts that made it possible that $75,000 [is] in play." 529 F.3d at 955.

The Supreme Court recently clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. See Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014). The district court should consider outside evidence and find by a preponderance of the evidence whether the amount in controversy is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. at 554.

## LAW REGARDING AMENDMENTS

"While Rule 15 governs amendments to pleadings generally, rule 16 of the Federal Rules of Civil Procedure governs amendments to scheduling orders." Bylin v. Billings, 568 F.3d 1224, 1231 (10th Cir. 2009)(citing Fed. R. Civ. P. 16(b)). When a court has not entered a scheduling order in a particular case, rule 15 governs amendments to a plaintiff's complaint. See Fed. R. Civ. P. 15. When a scheduling order governs the case's pace, however, amending the complaint after

the deadline for such amendments implicitly requires an amendment to the scheduling order, and

rule 16(b)(4) governs changes to the scheduling order.  See Bylin v. Billings, 568 F.3d at 1231.

Rule 15(a) of the Federal Rules of Civil Procedure provides:

> **(1) Amending as a Matter of Course.**  A party may amend its pleading once as a matter of course within:
>
> > **(A)** 21 days after serving it, or
>
> > **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) Other Amendments.**  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  Further, the local rules provide that, with respect to motions to amend a

pleading, "[a] proposed amendment to a pleading must accompany the motion to amend."

D.N.M.LR-Civ. 15.1.

Under rule 15(a), the court should freely grant leave to amend a pleading where justice so

requires.  See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. 571, 579-80 (D.N.M.

2010)(Browning, J.); Youell v. Russell, No. CIV 04-1396 JB\WDS, 2007 WL 709041, at *1-2

(D.N.M. Feb. 14, 2007)(Browning, J.); Burleson v. ENMR-Plateau Tele. Coop., No. CIV 05-0073

JB\KBM, 2005 WL 3664299, at *1-2 (D.N.M. Sept. 23, 2005)(Browning, J.).  The Supreme Court

has stated that, in the absence of an apparent reason, such as "undue delay, bad faith or dilatory

motive . . . [,] repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

etc.," leave to amend should be freely given.  Fomen v. Davis, 371 U.S. 178, 182 (1962).

See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001); In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80.

A court should deny leave to amend under rule 15(a) where the proposed "amendment would be futile." Jefferson Cty. Sch. Dist. v. Moody's Investor's Serv., 175 F.3d 848, 859 (10th Cir. 1999). See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80. An amendment is "futile" if the pleading, "as amended, would be subject to dismissal." In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80 (citing TV Commc'ns Network, Inc. v. Turner Network Television, Inc., 964 F.2d 1022, 1028 (10th Cir. 1992)). A court may also deny leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, [or] failure to cure deficiencies by amendments previously allowed." In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579 (quoting Frank v. U.S. W., Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)). See Youell v. Russell, 2007 WL 709041, at *2-3; Lymon v. Aramark Corp., No. CIV 08-0386 JB\DJS, 2009 WL 1299842 (D.N.M. Feb. 4, 2009)(Browning, J.). The Tenth Circuit has also noted:

> It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, see Woolsey v. Marion Laboratories, Inc., 934 F.2d 1452, 1462 (10th Cir. 1991); Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990); First City Bank v. Air Capitol Aircraft Sales, 820 F.2d 1127, 1133 (10th Cir. 1987), especially when the party filing the motion has no adequate explanation for the delay, Woolsey, 934 F.2d at 1462. Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Las Vegas Ice, 893 F.2d at 1185.

Frank v. U.S. W., Inc., 3 F.3d at 1365-66. The longer the delay, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." Minter v. Prime Equip.

Co., 451 F.3d at 1205 (citing <u>Steir v. Girl Scouts of the USA</u>, 383 F.3d 7, 12 (1st Cir. 2004)).

Undue delay occurs where the plaintiff's amendments "make the complaint 'a moving target.'"

<u>Minter v. Prime Equip. Co.</u>, 451 F.3d at 1206 (quoting <u>Viernow v. Euripides Dev. Corp.</u>, 157 F.3d

785, 799-800 (10th Cir. 1998)).  "[P]rejudice to the opposing party need not also be shown."  <u>Las</u>

<u>Vegas Ice & Cold Storage Co. v. Far W. Bank</u>, 893 F.2d at 1185.  "Where the party seeking

amendment knows or should have known of the facts upon which the proposed amendment is

based but fails to include them in the original complaint, the motion to amend is subject to denial."

<u>Las Vegas Ice & Cold Storage Co. v. Far W. Bank</u>, 893 F.2d at 1185 (quoting <u>State Distribs., Inc.</u>

<u>v. Glenmore  Distilleries Co.</u>, 738 F.2d 405 (10th Cir. 1984)).  Along the same vein, the court will

deny amendment if the party learned of the facts upon which its proposed amendment is based and

nevertheless unreasonably delayed in moving to amend its complaint.  See <u>Pallottino v. City of</u>

<u>Rio Rancho</u>, 31 F.3d 1023, 1027 (10th Cir. 1994)(noting motion to amend filed "was not based on

new evidence unavailable at the time of the original filing").

Refusing leave to amend is generally justified only upon a showing of undue delay, undue

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of amendment.  See <u>Castleglen, Inc. v. Resolution Tr.</u>

<u>Corp.</u>, 984 F.2d 1571, 1585 (10th Cir. 1993)(citing <u>Foman v. Davis</u>, 371 U.S. at 182).  Again, the

matter is left to the court's discretion.  See <u>Frank v. U.S. W., Inc.</u>, 3 F.3d at 1365-66.  See <u>Duncan</u>

<u>v. Manager, Dep't of Safety, City & Cty. of Denver</u>, 397 F.3d 1300, 1315 (10th Cir. 2005)(quoting

<u>Frank v. U.S. W., Inc.</u>, 3 F.3d at 1365-66, and stating that resolving the issue whether to allow a

plaintiff to file a supplement to his complaint is "well within the discretion of the district court").

"The . . . Tenth Circuit has emphasized that '[t]he purpose of [rule 15(a)] is to provide litigants the

maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" B.T. ex rel. G.T. v. Santa Fe Pub. Sch., No. CIV 05-1165 JB\RLP, 2007 WL 1306814, at *2 (D.N.M. March 12, 2007)(Browning, J.)(quoting Minter v. Prime Equip. Co., 451 F.3d at 1204). "Specifically, the . . . Tenth Circuit has determined that district courts should grant leave to amend when doing so would yield a meritorious claim." Burleson v. ENMR-Plateau Tele. Coop., 2005 WL 3664299, at *2 (citing Curley v. Perry, 246 F.3d at 1284).

## LAW REGARDING RULE 20

Rule 20 addresses permissive parties. Joinder under rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977)(citing Mosley v. General Motors Corp., 497 F.2d 1330 (8th Cir. 1974)). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. at 724.

Rule 20 provides:

(a)     **Persons Who May Join or Be Joined.**

   (1)     *Plaintiffs*.  Persons may join in one action as plaintiffs if:

      (A)     they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

      (B)     any question of law or fact common to all plaintiffs will arise in the action.

> (2) **Defendants**. Persons -- as well as a vessel, cargo, or other property subject to admiralty process in rem -- may be joined in one action as defendants if:
>
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B) any question of law or fact common to all defendants will arise in the action.
>
> (3) **Extent of Relief**. Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.
>
> (b) **Protective Measures**. The court may issue orders -- including an order for separate trials -- to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.

Fed. R. Civ. P. 20. Thus, rule 20(a) requires only that: (i) the claims by or against the party to be joined arise from the same transaction, occurrence, or series of transactions or occurrences underlying the claims by or against the party it seeks to join; and (ii) the claims by or against the party to be joined share at least one question of law or fact with the claims by or against the party it seeks to join. See Fed. R. Civ. P. 20(a).

## ANALYSIS

The Court will grant the MTR and deny the MTD. No scheduling order has been filed in this case, so rule 15(a) governs. See Fed. R. Civ. P. 15. The Court interprets § 1447(e) to allow a court to exercise discretion after a rule 15(a) amendment joins a non-diverse party. After the amendment, a court may deny the joinder, or permit the joinder and remand the case. Accordingly, the Court follows Hernandez and analyzes the joinder of Peters Appraisals under rule 20(a)'s

factors. This analysis leads the Court to remand this case, because: (i) denying the joinder would prejudice Peters little, if at all, and would prejudice the Haynes; (ii) the Haynes did not unduly delay in filing the Amended Complaint; and (iii) the Haynes acted in good faith.

Preliminarily, the Court will exercise its discretion pursuant to § 1447(e). Although the Haynes filed the Amended Complaint pursuant to rule 15(a), the Court will not dismiss the Amended Complaint or ask the Haynes to file a new motion, as the Peters Defendants request and the Haynes mention. See MTD at 5; Tr. at 21:22-22:8 (Wolf). Rule 15 permits a party to amend its pleading without the court's leave "within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15 (emphasis omitted). Section 1447(e), on the other hand, provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447. "A party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action." 6 Charles A. Wright et al., Federal Practice and Procedure Civil § 1477, at 644 (3d ed. 2010). "[I]f the plaintiff can add a non-diverse defendant without the district court exercising its discretion over whether the defendant should be joined, then, under § 1447(e), the district court would be forced to remand the case without determining the propriety of joinder." Pacely v. Lockett, 2013 WL 12136690, at *2 (quoting Mayes v. Rapoport, 198 F.3d 457, 462 n.11 (4th Cir. 1999)). A district court may and should exercise discretion to prohibit joinder, or to allow it and remand, when a rule 15(a) amendment destroys diversity jurisdiction. See Mayes v. Rapoport, 198 F.3d at 462 n.11 ("[A] district court

has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the

joinder was without leave of court." (citing <u>Pfeiffer v. Hartford Fire Ins.</u>, 929 F.2d at 1488;

<u>Ascension Enters., Inc. v. Allied Signal, Inc.</u>, 969 F. Supp. 359, 360 (M.D. La. 1997)(Polozola, J.);

<u>Whitworth v. TNT Bestway Transp. Inc.</u>, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996)(Cobb, J.)));

<u>RMP Consulting Grp., Inc. v. Datronic Rental Corp.</u>, 189 F.3d 478, 1999 WL 617690 at *3 n.2

(10th Cir. 1999)(unpublished table opinion)[3](describing that, in <u>Pfeiffer v. Hartford Fire Insurance</u>,

the Tenth Circuit "found the district court had discretion to remand or dismiss a properly removed

case under the particular circumstance where a plaintiff tried to force remand by amending the

complaint [without leave] to destroy diversity jurisdiction"). <u>Cf.</u> <u>Pfeiffer v. Hartford Fire Ins.</u>, 929

F.2d at 1488-89 (rejecting an "assumption that a party may force remand of an action after its

removal from state court by amending the complaint to destroy the federal court's jurisdiction over

the action").

The Court agrees with the United States Court of Appeals for the Fourth Circuit that

> [r]eading Rule 15(a) in connection with Fed. R. Civ. P. 19 and 21, and
> 28 U.S.C. § 1447(e), resolves any doubts over whether the district court has

---

[3]<u>RMP Consulting Group, Inc. v. Datronic Rental Corp.</u> is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. <u>See</u> 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that <u>RMP Consulting Group, Inc. v. Datronic Rental Corp.</u> has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

authority to pass upon any attempts -- even those for which the plaintiff needs no leave of court -- to join a nondiverse defendant. *See* 28 U.S.C. § 1447(e) ("the court may deny joinder, or permit joinder"); *see also* Fed. R. Civ. P. 19(a) ("A person who is subject to service of process and *whose joinder will not deprive the court of jurisdiction* over the subject matter of the action shall be joined as a party . . . ")(emphasis added); Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.").

Mayes v. Rapoport, 198 F.3d at 462 n.11.  But see Reigel v. Canyon Sudar Partners, LLC, No. CIV. A. 07-CV-00595MS, 2007 WL 3274430, at *2 (D. Colo. Nov. 5, 2007)(Krieger, J.)("[T]his Court concludes that, in a removed case, a plaintiff cannot file an amended complaint without leave of the Court if doing so would destroy diversity jurisdiction."); Whitworth v. TNT Bestway Transp. Inc., 914 F. Supp. at 1435 ("When an amendment will destroy diversity, leave of court is required even though the existing defendant, TNT, had not yet filed responsive pleadings."); 6 Wright et al., supra § 1477, at 644 n.5 ("The statute governing post-removal joinder which would destroy subject-matter jurisdiction controls over the civil-procedure rule permitting an amendment to the complaint as a matter of course prior to a responsive pleading . . . ."  (citing Bevels v. Am. States Ins., 100 F. Supp. 2d 1309 (M.D. Ala. 2000)(Albritton, C.J.)); 6 Wright et al., supra § 1477, at 645 n.5 ("When the addition of a party will destroy the court's jurisdiction and prejudice the other party, the general rule prevails that leave of court is necessary."  (citing Horton v. Scripto-Tokai Corp., 878 F. Supp. 902, 908 (S.D. Miss. 1995)(Wingate, J.))).[4]

---

[4]Nothing on § 1477's face dictates that a court must make the determination that § 1447 describes only on a party's request to amend.  When, as here, a party files an amended pleading under rule 15(a), a court should have recourse to resolve the joinder question without adding burdensome procedural steps.  The Court sees no reason to dismiss the amended pleading and demand that the party ask for leave to file an amendment when the result will be indistinguishable from the result without the dismissal -- the Court will exercise its discretion whether to permit the joinder.

Next, as both parties request, see MTR Response at 4-5; Tr. at 5:8:12 (Wolf), the Court adheres to Hernandez to determine whether to grant joinder. In Hernandez, the Court concluded that "a district court does not need to consider whether a party is required or indispensable before granting or denying joinder under § 1447(e)." 2018 WL 4188458, at *32. When exercising discretion under § 1447(e), such courts should "move directly to rule 20's equitable factors." 2018 WL 4188458, at *32. "Thus, in deciding whether to allow amendment and joinder, the Court turns to rule 20's discretionary factors, including, 'whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith.'" 2018 WL 4188458, at *34 (quoting McPhail v. Deere & Co., 529 F.3d 947, 952 (10th Cir. 2008)). The Court takes each factor in turn.

First, here, the prejudice factor weighs toward permitting joinder. The Peters Defendants face little potential prejudice. This case has not progressed so far that remanding it will disrupt either Peters' or Peters Appraisals' defenses. See M&I Marshall & Ilsley Bank v. Navagant Trading Co., No. 09-2469-KHV, 2010 WL 11565324, at *2 (D. Kan. Oct. 15, 2010)(Sebelius, M.J.)("Undue prejudice means undue difficulty in prosecuting or defending a suit as a result of a change in tactics or theories." (footnote omitted)). The parties have yet to begin discovery or serious motions practice. Cf. Allegis Inv. Advisors v. Certain Underwriters at Lloyd's London, No. 217CV01048JNPEJF, 2018 WL 4189542, at *5 (D. Utah Aug. 14, 2018)(Furst, M.J.)(denying amendment where "allowing amendment would significantly increase the size and scope of the case, delaying resolution, and prejudicing plaintiffs"), report and recommendation adopted sub nom. Allegis Inv. Advisors, LLC v. Certain Underwriters at Lloyd's London, No. 217CV01048JNPEJF, 2018 WL 4188467 (D. Utah Aug. 31, 2018)(Parrish, J.);

Energy Drilling, LLC v. Pac. Energy & Mining Co., LLC, No. 14-CV-186-S, 2016 WL 7428013, at *3 (D. Wyo. March 29, 2016)(Rankin, M.J.)(rejecting joinder where "[t]here is insufficient time for Defendant or the proposed defendants to challenge any claims by dispositive motion as the motions deadline has passed"); M&I Marshall & Ilsley Bank v. Navagant Trading Co., 2010 WL 11565324, at *2 (deeming undue prejudice when "[d]iscovery in this case has closed; plaintiff has filed a summary judgment motion, and the district judge has assigned a trial setting for December of this year"). Moreover, Peters should not confront the prototypical prejudice from litigating in state court, i.e., the harm of state courts' prejudice against out-of-state defendants. See Winningham v. N. Am. Res. Corp., 809 F. Supp. at 551. During all times relevant to this action, both Peters and Peters Appraisals were New Mexico citizens. See MTR at 4; Tr. at 14:10-19 (Wolf). Further, although the Court does not downplay Peters' worries about losing the higher federal pleading standards, see MTR Response at 7; Tr. at 19:10-20:9 (Stambaugh), some prejudice from choices of law and forum are inherent to our legal system. Either decision that the Court makes -- denying the joinder or permitting the joinder and remanding to state court -- will prejudice the party who loses their preferred forum.

Moreover, the Haynes would suffer more prejudice should the Court not remand the case than the Peters Defendants would should the Court remand it. The Haynes hypothesize several plausible, if not probable, scenarios that counsel suing both Peters and Peters Appraisals. The Haynes worry that Peters and HSBC Mortgage could implicate Peters Appraisals to avoid liability and that insurance might pay for Peters Appraisals but not for Peters. See Tr. at 10:23-13:12 (Wolf). Cf. Kim v. Czerny, No. CIV 16-1362 MCA/LF, 2017 WL 3084466, at *4-5 (D.N.M. July 17, 2017)(Armijo, C.J.)(concluding that plaintiffs did not suffer prejudice where they did not

"explain why it is necessary to name the adjusters *as defendants* in order to state a claim against Progressive Advanced, their alleged employer" (emphasis in original)). The Court should not and will not insist on litigation in federal court when the Haynes might not fully recover their damages in that forum. <u>Cf</u>. Fed. R. Civ. P. 19 (a)(1)(A) ("[I]n that person's absence, the court cannot accord complete relief among existing parties").

Second, no undue and inextricable delay occurred here. The Haynes described the reason for their delay in adding Peters Appraisals. <u>Cf</u>. <u>Trejo v. Safeway Ins. Grp.</u>, No. CIV 14-0913 GBW/SCY, 2015 WL 12856123, at *4 (D.N.M. March 27, 2015)(Wormuth, M.J.)(denying joinder where the "Plaintiff gives no explanation as to why [the defendant] was not originally named and what created the need to add him immediately after removal"). The Haynes changed counsel after they sent the demand letter to Peters Appraisals and filed the Complaint, and their new counsel overlooked Peters Appraisals until after Peters filed the Notice of Removal. <u>See</u> Tr. at 23:4-10 (Wolf). When the Haynes' counsel discovered the mistake, the Haynes filed the Amended Complaint. <u>See</u> Tr. at 23:10-13 (Wolf). <u>See</u> <u>also</u> <u>Hernandez</u>, 2018 WL 4188458, at *34, *36 (concluding that no undue delay occurred where a plaintiff was not aware of the additional defendant's involvement before removal and amended the pleading after learning new information). The Haynes made the amendment twenty-one days after removal and before the Peters Defendants filed an Answer. <u>See</u> <u>Reigel v. Canyon Sudar Partners, L.L.C.</u>, 2007 WL 3274430, at *4 (permitting joinder where the plaintiffs amended the complaint "less than one month after the case was removed, approximately three months after the case was commenced, and promptly after the Plaintiffs attorney learned the names of the nursing staff or determined that a claim could be stated against Ms. Cho for the unauthorized practice of medicine"). <u>Cf</u>. <u>West v.</u>

Metro. Re Inv'rs, LLC, No. 14-CV-360-JED-PJC, 2014 WL 6836275, at *3 (N.D. Okla. Dec. 3, 2014)(Dowdell, J.)("[P]laintiff unduly and inexplicably delayed several months after receipt of the pre-removal discovery responses upon which his motion is based . . . ."). The Haynes' account belies the Peters Defendants' complaints that the Haynes knew of Peters Appraisals, because the Haynes sent the entity a demand letter before filing suit. See Tr. at 18:23-19:5 (Stambaugh).

Third, the Haynes amended the Complaint in good faith. The Haynes bring claims against Peters Appraisals for its agent's -- Peters' -- actions, see Tr. at 10:9-12 (Wolf), and have expressed several theories how Peters and HSBC Mortgage might finger Peters Appraisals to avoid liability, see Tr. at 10:23-13:12 (Wolf). The Haynes, therefore, have valid claims against Peters Appraisals, and the Court concludes that the Haynes act in good faith. See Houk v. Travelers Home & Marine Ins., No. 12-CV-01237-REB-KLM, 2012 WL 5430979, at *3 (D. Colo. Sept. 10, 2012)(Mix, M.J.)(concluding that, where a plaintiff has a valid claim against a defendant, the plaintiff acted in good faith in requesting joinder), report and recommendation adopted, No. 12-CV-01237-REB-KLM, 2012 WL 5430947 (D. Colo. Nov. 7, 2012)(Blackburn, J.); Culver v. Lithia Motors, Inc., No. CV 15-0669 MCA/SCY, 2016 WL 7426587, at *6 (D.N.M. May 12, 2016)(Yarbrough, M.J.)(concluding that a plaintiff acted in good faith where the plaintiff brought claims against an additional defendant who was central to the plaintiff's factual allegations), report and recommendation adopted, No. CV 15-0669 MCA/SCY, 2016 WL 7447552 (D.N.M. July 19, 2016)(Armijo, J.). The Peters Defendants proffer only the Haynes' timing as evidence contradicting the Haynes' good faith. As discussed above, however, the Haynes explained that their current counsel overlooked Peters Appraisals.

The Haynes' theory -- and nothing in the record suggests that this is not fact -- is that Peters acted as agent for Peters Appraisals.  <u>See</u> Tr. at 9:25-10:11 (Court, Wolf).  Particularly where there are doubts about whether collecting may be an issue, it is typical and good practice to sue both an agent and the principal.  When suing Exxon or Wal-Mart, suing any employee may be superfluous.  But when suing small businesses, it is logical to gather all deep pockets.  What the Haynes are doing is not unusual and is probably necessary.

All three rule 20(a) factors, accordingly, counsel to allow the joinder and remand the case to New Mexico state court.  The Court will not deny joinder where the plaintiffs have a valid claim against the additional defendant, the existing defendants will suffer little to no prejudice, and the plaintiffs merely overlooked the new defendant in the original filing.  The Court, therefore, will grant the MTR and deny the MTD.

**IT IS ORDERED** that: (i) the Plaintiffs' Motion to Remand, filed November 9, 2018 (Doc. 10), is granted, (ii) the Defendants MD Peters Appraisals, Inc. and Mark Peters' Motion to Dismiss First Amended Complaint for Damages, filed November 21, 2018 (Doc. 16), is denied; and (iii) this case is remanded to the County of Santa Fe, First Judicial District Court, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Autumn Bergh
Samuel C. Wolf
Jones Snead Wertheim & Clifford, P.A.
Santa Fe, New Mexico

 *Attorneys for the Plaintiffs*

Melanie B. Stambaugh
Rodey Dickason Sloan Akin & Robb, P.A.
Albuquerque, New Mexico

 *Attorneys for the Defendants Mark Peters and MD Peters Appraisals, Inc.*

Elizabeth M. Drantell
Rose L Brand & Associates, P.C.
Albuquerque, New Mexico

 *Attorneys for the Defendant HSBC Mortgage Services, Inc.*